IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EMMITT GRIER JR.

    Plaintiff

v.

COMMONWEALTH OF PENNSYLVANIA
EDWARD J. KLEM, SUPERINTENDENT
SCI-MAHANOY, OFFICE OF THE
DISTRICT ATTORNEY, ERIE COUNTY

    Defendants

C.A. No. 05-5 Erie

Magistrate Judge;
Susan Paradise Baxter

FILED
JUL 28 2005
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
WITH SUPPORTING BRIEF, F.R.Civ.Proc.56(c)**

Plaintiff Emmitt Grier Jr., brought this action under 42 U.S.C. § 1983 December 28th, 2004, for access to biological evidence for DNA testing that is currently in the possession of the Office of the District Attorney of Erie County, and which plaintiff contends can conclusively determine whether he is guilty of two rapes for which he was convicted in state court on June 22, 2000.

    **1.**    Summary Judgment is appropriate when there are no genuine issues as to any material facts, Fed. R. Civ. Proc. 56(c). In such a case a trial is unnecessary because a reasonable factfinder could not enter a judgment for the non-moving party. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court shall construe all evidence and resolve all doubts raised by affidavits, depositions, answers to interrogatories, and admissions on file in favor of the non-moving party.

2.  The material facts necessary for disposition of the plaintiff's motion are mainly taken from the state court record.

3.  Plaintiff was charged with two (2) counts of Rape and one (1) attempt Rape which occurred on June 30th 1998, November 12th, 1998 and August 31st, 1999.

4.  Evidence was collected, a rape test kit and other items are available for testing.

5.  Plaintiff claims on the occasion of August 31st, 1999 he had consensual sex with the victim. There are two other occasions June 30th, 1998 (Rape) and November 12th, 1998 (Attempt Rape) upon which the victim claims to have been raped or an attempted rape occurred.

6.  On each of the two other occasions the victim did not see her attacker. At trial the Commonwealth relied on a confession made by the plaintiff, as there was no identification testimony from the victim in this case (Loretta Hansbrew), regarding the defendant; except for the August 31st, 1999 act that the defendant claims was consensual.

7.  It should be noted for the record here that the victim (Loretta Hansbrew) knows the defendant. The defendant has children by Ms. Hansbrews' daughter.

8.  Following plaintiff's conviction by jury on two counts of Rape and one count criminal attempt Rape, one count unlawful restraint, one count of Burglary and unlawful restraint.

9.  Plaintiff was sentenced to a total term of Imprisonment of 28½ to 75 years on August 10th, 2000, before the Honorable Judge Stephanie Domitrovich.

10. Thereafter, plaintiff sought relief on August 15th, 2000 by filing a motion for reconsideration/modification of sentence. That request was denied.

11. On August 30th, 2000 plaintiff filed Notice of Appeal to the Superior Court of Pennsylvania. On August 15th, 2001 the Superior Court affirmed the lower courts judgment of sentence.

12. On September 12th, 2001 plaintiff filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court. That petition was denied on March 24th, 2002.

13. On August 7th, 2002 plaintiff filed a PCRA petition seeking court approval for DNA testing. On January 24th, 2003 the PCRA court issued an order dismissing plaintiff's PCRA petition.

14. Because of miscommunication with PCRA counsel plaintiff was allowed to file Nunc Pro Tunc, with regard to his requested DNA testing.

15. On June 5th, 2003 plaintiff filed notice of appeal to Superior Court. On March 25th, 2004 the Superior Court of Pennsylvania affirmed the judgment/order of the lower court.

16. In denying the petition, the Court of Common Pleas found that plaintiff's confession which was deemed valid and admissible by the Superior Court, represented "sufficient evidence of the appellants guilt, completely separate from any identification testimony".

17. Plaintiff then petitioned the Pennsylvania Supreme Court for Allowance of Appeal April 23rd, 2004, which was denied November 30th, 2004.

Respectfully Submitted.

*Emmitt Grier JR* (signature)
Emmitt Grier pro se,
No. # EJ-7879
SCI-Mahanoy
301 Morea Road
Frackville, Pa. 17932

7-26-05
dated: