IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMMITT GRIER JR., ) | |
| ) | |
| Plaintiff ) | C.A. No. 05-5 Erie |
| ) | |
| v. ) | |
| ) | |
| COMMONWEALTH OF PENNSYLVANIA ) | Magistrate Judge; |
| EDWARD J. KLEM, SUPERINTENDENT ) | Susan Paradise Baxter |
| SCI-MAHANOY, OFFICE OF THE ) | |
| DISTRICT ATTORNEY, ERIE COUNTY ) | |
| ) | |
| Defendants ) | |
| ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF**
**SUMMARY JUDGMENT**

Summary Judgment is appropriate when there are no genuine issues as to any material facts. Fed. R. Civ. Proc. 56 (c). In such a case a trial is unnecessary because a reasonable factfinder could not enter a judgment for the non-moving party, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed 2d. 202 (1986). The court shall construe all evidence and resolve all doubts raised by affidavits, depositions, answers to interrogatories and admissions on file in favor of the non-moving party.

18. Plaintiff's claims for relief in this action are that by refusing to release the biological evidence for DNA testing, defendants have: (A), deprived plaintiff of Due Process of Law; (B), deprived plaintiff of the opportunity to make a conclusive showing that he is innocent of the crimes for which he is incarcerated, in violation of the Due Process Clause of the Fourteenth Amendment; (C), deprived plaintiff of the opportunity to make a conclusive showing of actual innocence, in violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment; (D), deprived plaintiff of his right to present evidence of innocence in State Court, Federal Court, or before the Pennsylvania State Board of Pardons, in violation of the Confrontation and Compulsory Process Clause of the Sixth Amendment; (E), deprived plaintiff of the opportunity to effectively litigate his claim that he is innocent of the crime for which he is currently incarcerated, thereby preventing plaintiff from access to the State and Federal court to obtain legal relief, in violation of the Due Process and Equal Protection Guarantees of the Fourteenth Amendment and (F), deprived plaintiff of his right to avail himself of the opportunity to apply for executive clemency and the function that executive clemency serves in preventing the violation of his constitutional rights that would arise from continued incarceration of an inmate who can make an actual showing of innocence. <u>Godshalk v. Montgomery County District Attorney</u>, 177 F. Supp. 2d 366 (E.D. Pa. 2001).

19.    In <u>Brady v. Maryland</u>, 373 U.S. 83, S. Ct. 1194, 10 L.Ed.2d 215 (1963), the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to the accused upon request violates Due Process where the evidence is material either to guilt or to punishment, irrespective of the good faith and bad faith of the prosecution". Id. at 87, 83, S.Ct. 1194.

20.    "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probabilty' is a probability sufficient to undermine confidence in the outcome". <u>United States v. Bagley</u>, 473 U.S. 667, 682, 105 S.Ct. 3375 87 L.Ed2d 481 (1985).

21.    Plaintiff contends that DNA testing on the genetic material would exonerate him because only the assailant could have left this DNA material and if the DNA does not match, he could not be the assailant.

22.    The defendants argued at state trial, "That even if DNA testing of genetic materials took place, the results could not be completely exculpatory since the victim stated she had sexual relations with her husband some time previously, and therefore, the genetic material might be that of the husband.

23.    Nevertheless, if by some chance no matter how remote, DNA testing on the biological evidence excludes plaintiff as the source of the genetic material from the victim, a jury would have to weigh this result against the plaintiff's confessions.

3

24. Also, there was no avaerment by the prosecution/ defendants in the criminal case that the genetic material was of insufficient amount or incapable of being tested.

25. The plaintiff's confessions to the rapes did not include any information that was withheld, that only the assailant would have known. Nor were they detailed in such a way as to indicate that he (plaintiff), had some exclusive knowledge or new information about the rapes.

26. While plaintiff's confessions to the rapes are powerful inculpatory evidence, so to any DNA testing that would exclude plaintiff as the source of the genetic material taken from the victim and the place upon which the incident is alleged to have occurred; such would also be powerful exculpatory evidence.

27. Plaintiff did offer alibi testimony from a credible witness. The trial court would only say it was the jury's call to make; and without retrying the case the court can weigh that testimony and reach its own conclusion. **(See Trial Court Opinion of Judge Domitrovich, Pages 6,7,8, Appended).**

28. Such contradictive results could well raise reasonable doubts in the minds of jurors as to plaintiff's guilt. Given the weel-known powerful exculpatory effect of DNA testing, confidence in the jury's finding of plaintiff's guilt at his past trial, where such evidence was not considered, would be undermined. Particularly because of the dates upon which these three (3) incidents are alleged to have occurred.

Plaintiff does in-fact claim that on the occasion of August 31st, 1999, that this event was consensual. Only the two occasions where the victim claimed that she could not see her attacker are in question because there is absolutely no identification evidence. DNA results which excludes the plaintiff would be evidence of his innocence since the genetic material was obtained shortly after the rapes.

29. Plaintiff contends that he has a Due Process Right of access to the genetic material for the limited purpose of DNA testing.

WHEREFORE, plaintiff request that this Honorable Court grant his Motion for Summary Judgment and Order the defendants to conduct the necessary DNA testing on the genetic material in their possession, or relinquish those materials to plaintiff for testing of same.

                                          Respectfully Submitted.

*Emmitt Grier Jr.*
Emmitt Grier Jr., pro se,
No. # EJ-7879
SCI-Mahanoy
301 Morea Road
Frackville, Pa. 17932

7-26-05
date

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA : | IN THE COURT OF COMMON PLEAS |
| : | OF ERIE COUNTY, PENNSYLVANIA |
| : | TRIAL COURT DIVISION |
| vs. : | |
| : | |
| EMMITT GRIER, JR. : | Nos. 2646, 2647, 2648 of 1999 |

APPEARANCES:   Chad J. Vilushis, Assistant District Attorney
William J. Hathaway, Esquire, on behalf of Defendant

## OPINION

Domitrovich, J., July 2, 2003

This matter is currently before the Court on Defendant's appeal of this Lower Court's Order, dated January 24, 2003, dismissing Defendant's PCRA Petition. Defendant filed the instant appeal after this Lower Court reinstated his appellate rights *nunc pro tunc* in an Opinion and Order dated May 28, 2003, which is attached and incorporated by reference. Defendant's sole issue on appeal is whether Defendant received ineffective assistance of counsel at trial.

As to the factual and procedural history, on June 22, 2000, after a three-day jury trial, Defendant was convicted at Docket No. 2646, of one count of Rape, a felony in the first degree; one count of Unlawful Restraint, a misdemeanor of the first degree; at Docket No. 2647, one count of Criminal Attempt at Rape, a felony of the first degree; one count of Unlawful Restraint, a misdemeanor of the first degree; and at Docket No. 2648[1], one count of Burglary, a felony of the first degree; Rape, a felony of the first degree and Unlawful Restraint, a misdemeanor of the first degree.

Defendant was sentenced on August 10, 1999, to an aggregate sentence of twenty-eight and one half years (28 ½) to seventy-five (75) years of state incarceration. Defendant then filed

---

[1] A third count, kidnapping, a felony of the first degree, was charged at Docket No. 2648, but was "Withdrawn at trial."

a Motion for Judgment of Acquittal, a Motion for a New Trial and a Motion for Reconsideration and/or Modification of Sentence on August 15, 2000, which were subsequently denied. On August 30, 2000, Defendant filed a Notice of Appeal to the Pennsylvania Superior Court. On the same day, the Lower Court ordered Defendant to submit his Concise Statement of Matters Complained of On Appeal within fourteen days, pursuant to Pa.R.A.P. 1925 (b). The Lower Court received Defendant's Concise Statement of Matters Complained of On Appeal on September 6, 2000. Following the completion of the transcripts, the Lower Court issued its 1925 (a) statement on November 14, 2000. On August 15, 2001, the Pennsylvania Superior Court adopted the Lower Court's opinion and affirmed Defendant's judgment of sentence. On September 12, 2001, Defendant filed a Petition For Allowance of Appeal to the Pennsylvania Supreme Court, which was later denied on March 24, 2002. On August 7, 2002, Defendant filed his first PCRA Petition. Thereafter, this Lower Court conducted oral arguments to determine the availability of the rape kits collected during the investigation of the instant case as is required by the holding in *Commonwealth v. Robinson*, 425 Pa.Super. 606, 682 A.2d 831 (1996)(remanding case to conduct a hearing to determine whether specimens were available for DNA testing.). This Lower Court did so on two (2) separate occasions; the first oral argument was conducted November 27, 2002, and the second was held on December 23, 2002, for purposes of clarification.

On January 3, 2003, this Court sent Defendant and his counsel the Court's Notice of its intent to dismiss Defendant's first PCRA. On January 24, 2003, this Court issued its final Order dismissing Defendant's first PCRA. No appeal was taken from the first PCRA Court's final Order.

2

On March 31, 2003, Defendant sent this Lower Court a letter requesting the Court to re-instate his right to appeal his first PCRA based on a "miscommunication/no communication" with his PCRA counsel, Attorney William Hathaway. This Court treated Defendant's letter as a second PCRA petition since the time to appeal the first PCRA petition had expired, but Defendant was still within the one-year period, under 42 Pa.C.S. §9545(b)(3), for filing a second PCRA. Since Defendant was still represented by counsel, this Court requested that counsel respond to the issue raised by Defendant in his letter/second PCRA petition. After receiving counsel's response to Defendant's second PCRA, this Court issued an Order, dated April 9, 2003, directing the Commonwealth to respond to Defendant's request. On April 11, 2003, the Commonwealth filed its response to Defendant's second PCRA stating, "the Commonwealth vehemently opposes the reinstatement of defendant's PCRA denial appeal rights nunc pro tunc based upon not only the Court's proper service to the defendant of its Notice of Intent to Dismiss, as well as the Order and Opinion dismissing defendant's PCRA, but also based upon Exhibit "A"... which clearly indicates that defendant at no time indicated to Mr. Hathaway that he was to perform an appeal." After reviewing Defendant's request to have his appellate rights re-instated *nunc pro tunc*, Attorney Hathaway's responsive letter to this Court and the Commonwealth's response, the Court issued an Order, dated April 21, 2003, directing all parties to attend an evidentiary hearing on Defendant's second PCRA petition which was held on May 19, 2003. Following the evidentiary hearing, this Lower Court entered an Opinion and Order dated May 28, 2003, reinstating Defendant's appellate rights *nunc pro tunc* based, in part, on the ruling of the Pennsylvania Superior Court in *Commonwealth v. Rivera*, 816 A.2d 282 (2003), which held:

> every PCRA petitioner ... is entitled to meaningful appellate review of post-conviction claims raised in his first petition so long as that petition is timely filed.

3

> Where the dereliction of counsel *or other circumstances for which the defendant is not responsible operate to waive those claims*, the defendant's right to review remains to be discharged. Consequently, when the defendant restates those claims in a second or subsequent PCRA petition that would be otherwise time-barred, we are compelled to recognize that the later petition is not an unentitled "second bite at the apple," but merely the first bite that he was unlawfully denied.

*Id.*, at 286-287. *See also, Opinion and Order of Court, dated May 28, 2003.* This

In the Order attached to this Lower Court's Opinion, Counsel was directed to file a file A Notice of Appeal within thirty (30) days of the date of the Order reinstating Defendant's appellate rights. On June 5, 2003, Defendant filed a timely Notice of Appeal. Thereafter this Lower Court requested Defendant to file his Concise Statement of Matters Complained of on Appeal, which Defendant filed on June 11, 2003.

Defendant's sole issue on appeal is whether Defendant received ineffective assistance of counsel at trial. Specifically, Defendant alleges that "trial counsel was ineffective for his failing to pursue DNA testing for exculpatory evidence." To properly allege that his counsel was ineffective, Defendant must claim at a minimum that he instructed his counsel to file the requisite motion or appeal, depending on the nature of the ineffectiveness alleged. *Commonwealth v. Velasquez*, 387 Pa. Super. 238, 243, 563 A.2d 1273, 1275 (1989). Claims of ineffectiveness are not sufficient when presented in a vacuum, *Commonwealth v. Rogers*, 335 Pa.Super. 130, 137, 483 A.2d 990, 994 (1984); nor can counsel be deemed ineffective for failing to do what he was not requested to do. *Commonwealth v. Hudson*, 336 Pa.Super. 174, 485 A.2d 487 (1984); *Commonwealth v. Ross*, 289 Pa.Super. 104, 432 A.2d 1073 (1981). Furthermore, "counsel is presumed to have acted in his client's best interest; thus it is appellant's burden to prove otherwise." *Commonwealth v. Miller*, 541 Pa. 531, 664 A.2d 1310, 1323 (1995) Thus, "to be eligible for relief under the Post Conviction Relief Act, a petitioner *must not only* establish ineffective assistance of counsel, petitioner *must also* establish that the ineffectiveness was of a

4

type 'which in the circumstances of the particular case, so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place.'" *Commonwealth v. Korb,* 421 Pa. Super. 44; 617 A.2d 715 (1992) (emphasis in original).

In the instant case, after review of Defendant's petition, and the supplemental petition filed by counsel, as well as a hearing conducted on November 27, 2002, this Court found that Defendant failed to demonstrate that he had requested his trial counsel to pursue DNA testing. Specifically, during the first hearing, on November 27, 2002, Defendant's trial counsel, Attorney James Pitonyak, appeared at the hearing after he observed from the court's schedule posted outside the court room indicating that the Court was conducting a hearing involving his client. Attorney Pitonyak was defense counsel for Emmitt Grier, Jr. at the time of trial. During the oral argument, Attorney Pitonyak indicated to the Court that the defense at trial was that the crimes on June 30, 1998, and November 12, 1998, were perpetrated by someone other that Defendant, and that the third incident, on August 31, 1999, was consensual in nature. In addition, Attorney Pitonyak indicated that he discussed the issue of DNA testing with Defendant at the time of trial, but Defendant decided not to ask the Court to order DNA testing. Moreover, Assistant District Attorney Chad Vilushis indicated that since the Defendant confessed in detail to all three rapes and since Defendant did not deny having intercourse with the victim on August 31, 1999, identification of the perpetrator was not a question at trial. Therefore, DNA testing is not conducted when, as here, Defendant voluntarily confesses to being the perpetrator of the crimes. Thus, based on Defendant's petition, the supplemental petition filed by counsel and the hearing on November 27, 2002, this Lower Court found that Defendant's mere bald assertion that trial counsel failed to pursue DNA evidence, without more, is insufficient to meet the requirement of section 9543 (a).

Assuming *arguendo* that Defendant has met his burden to prove and/or demonstrate that trial counsel did not pursue DNA testing after he had been requested to do so, Defendant's PCRA petition still fails to demonstrate he received "[i]neffective assistance of counsel which, in the circumstances of he particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543 (a)(2)(ii). When a defendant alleges ineffective assistance of counsel, all of the following must be demonstrated:

(1) the underlying claim is of arguable merit;

(2) the particular course chosen by counsel did not have any reasonable basis designed to effectuate his client's interests; and

(3) counsel's ineffectiveness prejudiced appellant; but for counsel's act or omission, the outcome of the proceeding would have been different.

*Commonwealth v. Miller*, 541 Pa. 531, 664 A.2d 1310, 1323 (1995), *citing Commonwealth v. Edmiston*, 535 Pa. 210, 237, 634 A.2d 1078, 1092 (1993). *Miller*, at 1323.

In the instant case, even if Defendant met the first two prongs of the test outlined above, it cannot be said that but for trial counsel's act or omission, the outcome of the proceeding would have been different. In his PCRA Petition, Defendant alleges that he asked trial counsel to request DNA testing conducted on the rape kit that were obtained from the victim and that counsel was ineffective for not seeking "court-ordered DNA testing in the instant case thereby depriving him of readily available and conclusive exculpatory evidence." *Defendant's Supplemental Motion for Post Conviction Collateral Relief*, dated October 1, 2002. To support his claim Defendant cites to *Commonwealth v. Brison*, 412 Pa. Super. 442, 453; 618 A.2d 420, 425 (1992), and *Commonwealth v. Reese*, 444 Pa.Super. 38, 43; 663 A.2d 206, 208 (1995) where

the Pennsylvania Superior Court held that DNA testing is appropriate when the conviction rests primarily upon identification evidence.

As indicated earlier, Attorney Pitonyak informed the Court that the defense at trial was that the crimes on June 30, 1998, and November 12, 1998, were perpetrated by someone other that Defendant, and that the third incident, on August 31, 1999, was consensual in nature. Moreover, Attorney Pitonyak stated that he discussed the issue of DNA testing with Defendant at the time of trial, but they decided not to ask the Court to order DNA testing. Furthermore, during the second oral argument, conducted on December 23, 2002, Assistant District Attorney Vilushis, indicated to the Court that the Commonwealth still retained the rape kits obtained during the investigation of the crimes in question. However, Attorney Vilushis stated that DNA testing of semen stains found on the bedroom sheets at the victim's house following the incident on June 30, 1998, would be inconclusive since the semen could have been deposited by the victim's husband. In addition, Attorney Vilushis indicated that the sheets were quite soiled and did not appear to have been washed in quite a long time. Thus, even if the DNA found in the semen deposit on the victim's sheets was tested and determined to have not been left by Defendant, the result would still not rule out Defendant as the perpetrator of the rape on June 30, 2002. Attorney Vilushis also indicated that the victim fought off her attacker in an attempted rape during the November 12, 1998, incident, thus no DNA deposits were left that could be found to enable a DNA comparison. Lastly, Attorney Vilushis indicated that since Defendant did not deny having intercourse with the victim on August 31, 1999, identification was not a question, and DNA testing would not show whether the incident was consensual or not.

Furthermore, in *Commonwealth v. Godschalk*, a case strikingly similar to the one at bar, the Pennsylvania Superior Court stated:

7

> Under the decisions in *Brison* and *Reese*, a petition for post-conviction DNA testing will be granted where a conviction rest largely on identification evidence and where advanced technology could definitely establish the accused's innocence.
>
> Herein, appellant's conviction rest largely on his own confession which contains details of the rapes which were not available to the public. One of the victims did not identify him at all. As appellant has failed to satisfy the first leg of the Brison standard, we affirm the denial of his petition.

451 Pa. Super. 425, 679 A.2d 1295 (1995).

As in *Godschalk*, Defendant's conviction rests, not on identification evidence, but upon the two voluntary confessions that he gave, which were videotaped by Detective Robert N. Jones of the Erie Police Department on August 31, 1999. (N.T. 6/21/00, pp. 7-11; N.T. 6/22/00, pp. 38-85). Thus, Defendant's case is distinguishable from the facts that gave rise to the holding of Pennsylvania Superior Court in *Brison* and *Reese*. Therefore, since Defendant's convictions rest largely on his own confession, as was the case in *Godschalk*, Defendant's assertion that the outcome of his trial would have been different if counsel has sought out DNA testing, is without merit.

For all of the foregoing reasons, Defendant's appeal is without merit.

BY THE COURT:

*Stephanie Domitrovich*   Judge

RECEIVED
JUL - 2 2003
COURT ADMINISTRATOR
TRIAL DIVISION

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMMITT GRIER JR., | : |
| Plaintiff | : C.A. No. 05-5 Erie |
| v. | : |
| COMMONWEALTH OF PENNSYLVANIA | : Magistrate Judge; |
| EDWARD J. KLEM, SUPERINTENDENT | : Susan Paradise Baxter |
| OFFICE OF THE DISTRICT ATTORNEY | : |
| ERIE COUNTY | : |
| Defendants | : |

### CERTIFICATE OF SERVICE

I Emmitt Grier Jr., hereby certify that I am this 26th, day of July 2005 serving a true and correct copy of Plaintiff's Motion and Supporting Brief For Summary Judgment upon the person(s) listed below pursuant to PA. R. Civ. Proc. 56 (c) and in the manner required by PA. R.A.P. 121:

**Service by first-class mail:**
**Addressed as follows**

Clerks Office
United States District Court
Western District of Pennsylvania
P.O. Box 1805
Pittsburgh, PA. 15230

Office of the District Attorney
Erie County Courthouse
Erie, Pennsylvania. 15219

7-26-05
date

Emmitt Grier Jr., *pro se*,
No. # EJ-7879
SCI-Mahanoy
301 Morea Road
Frackville, Pa. 17932