IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMMITT GRIER, JR., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. 05-005 |
| V. ) | |
| ) | Judge Sean J. McLaughlin |
| SUPERINTENDENT EDWARD J. ) | Mag. Judge Susan Paradise Baxter |
| KLEM; ERIE COUNTY DISTRICT ) | |
| ATTORNEY; COMMONWEALTH OF ) | |
| PENNSYLVANIA; OFFICE OF ) | |
| THE PROTHONOTARY, ) | |
| ) | |
| **Defendants.** ) | **Electronically Filed** |

### BRIEF IN SUPPORT OF DEFENDANT KLEM'S MOTION TO DISMISS

#### I. STATEMENT OF THE CASE

Plaintiff, Emmitt Grier, Jr., is a pro se prisoner currently in the custody of the Pennsylvania Department of Corrections (DOC) at SCI-Mahanoy. Grier was granted *in forma pauperis* status to proceed with the instant action and filed his Complaint on January 14, 2005. (Docket #'s 2, 3).

Grier is serving a sentence of 28 ½ to 75 years for convictions on two separate charges of rape and one charge of attempted rape. (Complaint, Section I and IV.C, ¶1). Although he gave a confession implicating himself in all three alleged incidents (*Id.*, Section IV.C, ¶5), Grier's defense at trial was that he was a party to only one of the incidents charged and that this incident was consensual (*Id.*, Section IV.C, ¶6).

Grier alleges a violation of his due process rights under the Fourteenth Amendment to the United States Constitution (Complaint, Section III) arising out of his inability to obtain and use laboratory testing of DNA evidence at his criminal trial. In particular, Grier states that the Erie

Police Department obtained evidence from the victim "in the form of genetic materials (DNA) Rape Kit's," as well as his DNA evidence for purposes of comparison with the victim. (*Id*., Section IV.C, ¶¶2-3). According to the complaint, Grier sought to have and use at trial the results of the testing to show that he was only responsible for one alleged rape charge, which he thought to be consensual. (*Id*., Section IV.C, ¶ 6). However, the laboratory testing of the rape kits never occurred and as a result, Grier was convicted on all three charges. (*Id*., Section IV.C, ¶7). He alleges that the trial judge rendered a decision denying DNA testing. (*Id*., Section IV.C, ¶10).

Grier has identified the following as defendants:

- **the Erie County District Attorney** who adamantly opposed any laboratory testing of DNA evidence (*Id*., Section IV.C, ¶9);

- **the Commonwealth of Pennsylvania** "due to the Common Pleas Court Judge Stephanie Domitrovich rendered decision in denial of permitting DNA testing" (*Id*., ¶10);

- **the Office of the Prothonotary for the Pennsylvania Supreme Court** based upon the decision of the Supreme Court denying his appeal (*Id*., ¶11); and

- **Edward J. Klem, Superintendent at SCI-Mahanoy** who is named "due to his jurisdictional authority as custody and care taker of the plaintiff while housed at the SCI-Mahanoy prison facility." (*Id*., ¶12).

Grier seeks injunctive relief granting him legal access to the two rape kits taken from the victim after the alleged rape incidents and access to the DNA evidence taken from Grier at the time of arrest, for the limited purpose of comparative DNA testing. (Complaint, Section VI).

## II.  STANDARD OF REVIEW

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a motion to dismiss cannot be granted unless the court is satisfied that "no relief could be granted under any set of facts that could be proved consistent with the allegation." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41 (1957).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## III.  ARGUMENT

**A.     Plaintiff's Claims Must be Raised by Petition for Writ of Habeas Corpus**

Although, Grier's complaint purports to state a claim under § 1983, he does not challenge the "conditions" of his confinement at SCI-Mahanoy or identify any unconstitutional conduct by Superintendent Klem.   Rather, Grier maintains his innocence as to the state court rape charges, he challenges the trial court's ruling on DNA evidence, and he seeks injunctive relief to obtain and evaluate evidence in the possession of the district attorney that was crucial to his defense at trial.   Grier's claims fall squarely within the core of habeas corpus.[1]

As the relief sought by Grier would necessarily implicate or undermine the validity of his conviction, he has no cognizable §1983 claim.  See *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Heck v. Humphrey*, 512 U.S. 477 (1994); see also *Edwards v. Balisok*, 520 U.S. 641 (1997) (claim based upon a significant procedural error, which would warrant a new state proceeding if established, is not cognizable under § 1983).  Indeed, several circuits have held that a claim to compel state officials to release biological evidence for post-conviction DNA testing is a claim

---

[1] Conceivably, Grier intended to file a petition for writ of habeas corpus as his naming of the warden is consistent with the instructions for filing habeas petitions.

3

seeking to undermine the plaintiff's conviction and thus, is governed by *Heck*. *Harvey v. Horan*, 278 F.3d 370 (4th Cir. 2002) and *Kutzner v. Montgomery Co.*, 303 F.3d 339 (5th Cir. 2002); *cf.*, *Bradley v. Pryor*, 305 F.3d 1287 (11th Cir. 2002), *cert. denied*, 123 S.Ct. 1901 (2003).

Accordingly, Grier's claims are not cognizable under § 1983, and Superintendent Klem is not a proper party to address issues relating to the validity of plaintiff's conviction.

**B.     Grier Does not Allege Personal Involvement against Klem**

Even if this complaint could conceivably proceed under § 1983, Grier has not alleged, nor can he, personal involvement on the part of Superintendent Klem. A defendant must be shown by the allegations contained in the Complaint to have been personally involved or have actual knowledge of and acquiesced in the commission of the wrong. See Rizzo v. Goode, 423 U.S. 362 (1976). Liability can only be imposed if that official played an "affirmative part" in the complained of misconduct. See Chincello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986).

Not surprisingly, there is no suggestion in the complaint that Superintendent Klem had anything whatsover to do with Grier's conviction or trial (*i.e.*, the subjects of the alleged constitutional violation). In fact, Grier concedes that Klem is named in this action solely due to Klem's "jurisdictional authority as custody and care taker" of the plaintiff while housed at SCI-Mahanoy. (Complaint Section IV.C, ¶ 12).

This case is about what happened at trial, not about the conditions of Grier's confinement at SCI-Mahanoy or any action on the part of Superintendent Klem. Thus, there can be no §1983 liability as to this defendant.

**CONCLUSION**

4

WHEREFORE, it is respectfully requested that the instant Complaint be dismissed as to Superintendent Klem.

Respectfully submitted,

Thomas W. Corbett, Jr.
Attorney General

BY:   /s/ Mary Lynch Friedline
MARY LYNCH FRIEDLINE
Senior Deputy Attorney General
PA I.D. No. 47046

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief Litigation Section

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219
(412) 565-3520

Date:  October 4, 2005

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2005, I electronically filed the foregoing ***Brief in Support o*f *Motion to Dismiss*** with the Clerk of Court using the CM/ECF system.  And I hereby certify that I have mailed the foregoing document by United States Postal Service to the following non CM/ECF participants:


EMMITT GRIER, JR, EJ 7879
SCI Mahanoy
301 Morea Road
Frackville, PA 17932




                               By:    /s/  Mary Lynch Friedline_____
                                      MARY LYNCH FRIEDLINE
                                      Senior Deputy Attorney General