## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Emmitt Grier, Jr.,      :
     Plaintiff    :
   v.       :   C.A. 05-05 ERIE
          :
Edward J. Klemm, et al.,    :
     Defendant   :

## MOTION TO DISMISS PURSUANT TO Fed. R.C.P. 12(b)(6) FILED ON BEHALF OF DEFENDANT, OFFICE OF THE DISTRICT ATTORNEY

AND NOW, this 23rd day of January, 2006, comes defendant, Office of the District Attorney, by and through its counsel, Matthew J. McLaughlin, Esquire, Assistant Solicitor for the County of Erie, and files this motion to dismiss pursuant to Fed. R.C.P. 12(b)(6), stating in support thereof the following:

1.  Plaintiff, Emmitt Grier, (hereinafter "plaintiff") filed the above referenced civil rights action contending that defendant, Office of the District Attorney, (hereinafter "defendant") violated his constitutionally guaranteed due process rights by failing to provide plaintiff with a rape kit and DNA test results which would have allegedly exculpated plaintiff from one charge of rape and one charge of attempted rape. Plaintiff is requesting that this Court compel the production of a rape kit allegedly in the possession of defendant.

2.  After a three day jury trial in the Erie County Court of Common Pleas, plaintiff was convicted on June 22, 2000, at Docket No. 2646, of one count of rape, a felony in the first degree; one count of unlawful restraint, a misdemeanor of the first degree; at Docket No. 2647, one count of criminal attempt at rape, a felony of

the first degree, one count of unlawful restraint, a misdemeanor of the first degree; and at Docket No. 2648, one count of burglary, a felony of the first degree; rape, a felony of the first degree, and unlawful restraint, a misdemeanor of the first degree.  He is currently serving a 28 ½ to 75 year sentence in prison.

3.      Plaintiff admits in his complaint that he made a confession "implicating himself in all three (3) alleged incidents" (plaintiff's complaint ¶ 5).

4.      Plaintiff further alleges that he... "sought to have and use the results of the testing to show that he was only responsible for one alleged rape charge, which at the time of the occurrence, plaintiff thought to be consensual.  Said laboratory testing of the rape kits never took place and because of such, plaintiff has been convicted of two (2) separate charges of rape and attempted rape, as well as the charge where his defense was propounded upon having consensual sex" (sic) (plaintiff's complaint ¶¶ 6,7)

5.      DNA testing was not performed and DNA evidence was not introduced at trial by the prosecution because identification was not an issue.  During plaintiff's trial, evidence was introduced identifying him as the individual who committed the crime *not only* through the victim's testimony, *but also* from plaintiff himself.  Plaintiff gave a lengthy confession to Detective Nate Jones of the Erie Police Department, in which he took responsibility for all three offenses.  Further, he was able to indicate to Detective Jones specific facts about the case that no one but the person who committed the crime would know.  Plaintiff also indicated not only to the victim, but to two other independent witnesses that he, in fact, had committed the crimes and "didn't know what had come over him".

2

6.      Plaintiff's alleged due process violation is entirely predicated upon his contention

that DNA testing and the introduction of DNA evidence could exculpate him from

some of the criminal charges for which he was found guilty at trial.  This

argument was soundly rejected by the Honorable Stephanie Domitrovich of the

Erie County Court of Common Pleas.  In her lengthy Opinion dated July 2, 2003,

Judge Domitrovich determined that plaintiff's appeal of the denial of his PCRA

Petition was without merit.  Judge Domitrovich states, in relevant part,...

"Furthermore, in Commonwealth v. Godschalk, a case strikingly similar to the

one at bar, the Pennsylvania Superior Court stated:

Under the decision in Brison and Reese, a Petition for Post-
Conviction DNA testing will be granted where conviction rests
largely on identification evidence and where advanced technology
could definitely establish the accused's innocence.

Herein, appellant's conviction rests largely on his own
confession which contains details of the rape which were not
available to the public.  One of the victims could not identify him at
all.  As appellant has failed to satisfy the first leg of the Brison
standard, we affirm the denial of his petition. 451 Pa. Super 425, 679
A. 2d 1295 (1995)

7.      Judge Domitrovich further stated... "as in Godschalk, Defendant's conviction rests

not on identification evidence, but on the two voluntary confessions that he gave,

which were videotaped by Detective Robert N. Jones of the Erie Police

Department on August 31, 1999. (N.T. 6/21/00, pp. 7-11; N.T. 6/22/00, pp. 38-85)

Thus, defendant's case is distinguishable from the facts that gave rise to the

holdings of the Pennsylvania Superior Court in Brison and Reese.  Therefore,

since defendant's convictions rest largely on his own confession, as was the case

in Godschalk, defendant's assertion that the outcome of the trial would have been

3

different if counsel had sought out DNA testing, is without merit.  (See Opinion

of Judge Domitrovich dated July 2, 2003, and attached hereto as exhibit "A")

8.     Plaintiff's conviction, sentence and the denial of his PCRA Petitions were upheld

by the Pennsylvania Superior Court.  Plaintiff's Petition for Allowance of Appeal

to the Pennsylvania Supreme Court was denied.  (See Docket Sheet attached

hereto and marked as exhibit "B")

9.     Plaintiff's claim must be dismissed because the issue of whether or not the DNA

testing and the introduction of DNA evidence would have exculpated him with

respect to some of the criminal charges was soundly rejected in State Court.

Consequently, he is barred from re-litigating these issues by the doctrines of res

judicata and collateral estoppel.  *See* Bearoff v. Bearoff Brothers, Inc., 458 Pa.

494, 327 A. 2d 72 (1974); Duquesne Light Company v. Pittsburgh Railways

Company, 413 Pa. 1, 194 A. 2d 319 (1963), cert denied, 377 U.S. 924, 84 S. Ct.

1221, 12 L. Ed. 2d 215 (1964); Omernick v. LaRocque, 46 Supp. 1156 (W.D.

Wis. 1976), affirmed 539 F. 2d 715; Smith v. Sinclair, 424 F. Supp. 1108 (W.D.

Okla. 1976)

10.     Plaintiff's claim must also be dismissed because it constitutes an impermissible

collateral attack upon a final judgement in State Court.  While plaintiff is not

seeking monetary damages in his instant civil rights action, he is requesting that

defendant be compelled to provide him with the DNA kit in question so that he

can perform DNA testing in an attempt to establish that he is not guilty of some of

the charges that he was convicted of at trial.  In order to grant the requested relief,

it would require that this Court conclude that the State Court erred in finding that

4

the introduction of DNA evidence would have had no effect on the outcome of his

trial. *See* Heck v. Humphrey, _____ U.S. _____, 114 S. Ct. 2364, 2372 (1994).

WHEREFORE, it is respectfully requested that this Honorable Court recommend that

plaintiff's lawsuit against defendant, Office of the District Attorney, be dismissed with prejudice,

pursuant to Fed. R.C.P. 12(b)(6).

Respectfully submitted,


s/Matthew J. McLaughlin
Matthew J. McLaughlin
246 West Tenth Street
Erie, Pennsylvania 16501
(814) 454-1010
Counsel for defendant, Office of the District
Attorney


Dated:          January 23, 2006

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

Emmitt Grier, Jr.,                                           :
                              Plaintiff                      :
                    v.                                       :            C.A. 05-05 ERIE
                                                             :
Edward J. Klemm, et al.,                                     :
                              Defendant                      :

# <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the within motion to dismiss

pursuant to Fed. R.C.P. 12(b)(6) filed on behalf of defendant, Office of the District Attorney, was

served on January 23, 2006, via United States First Class Mail, postage pre-paid, on all counsel of

record and unrepresented parties, in accordance with the applicable Rules.

By,

<u>s/Matthew J. McLaughlin</u>
Matthew J. McLaughlin
246 West Tenth Street
Erie, Pennsylvania 16501
(814) 454-1010
Counsel for defendant, Office of the District Attorney

Dated: January 23, 2006