COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
: OF ERIE COUNTY, PENNSYLVANIA
:     TRIAL COURT DIVISION
           vs.              :
:
EMMITT GRIER, JR.          : Nos. 2646, 2647, 2648 of 1999

APPEARANCES:    Chad J. Vilushis, Assistant District Attorney
William J. Hathaway, Esquire, on behalf of Defendant

## OPINION

Domitrovich, J., July 2, 2003

    This matter is currently before the Court on Defendant's appeal of this Lower Court's

Order, dated January 24, 2003, dismissing Defendant's PCRA Petition. Defendant filed the

instant appeal after this Lower Court reinstated his appellate rights *nunc pro tunc* in an Opinion

and Order dated May 28, 2003, which is attached and incorporated by reference. Defendant's

sole issue on appeal is whether Defendant received ineffective assistance of counsel at trial.

    As to the factual and procedural history, on June 22, 2000, after a three-day jury trial,

Defendant was convicted at Docket No. 2646, of one count of Rape, a felony in the first degree;

one count of Unlawful Restraint, a misdemeanor of the first degree; at Docket No. 2647, one

count of Criminal Attempt at Rape, a felony of the first degree; one count of Unlawful Restraint,

a misdemeanor of the first degree; and at Docket No. 2648[1], one count of Burglary, a felony of

the first degree; Rape, a felony of the first degree and Unlawful Restraint, a misdemeanor of the

first degree.

    Defendant was sentenced on August 10, 1999, to an aggregate sentence of twenty-eight

and one half years (28 ½ ) to seventy- five (75) years of state incarceration. Defendant then filed

---

[1] A third count, kidnapping, a felony of the first degree, was charged at Docket No. 2648, but was "Withdrawn at trial."

EXHIBIT

A

a Motion for Judgment of Acquittal, a Motion for a New Trial and a Motion for Reconsideration and/or Modification of Sentence on August 15, 2000, which were subsequently denied. On August 30, 2000, Defendant filed a Notice of Appeal to the Pennsylvania Superior Court. On the same day, the Lower Court ordered Defendant to submit his Concise Statement of Matters Complained of On Appeal within fourteen days, pursuant to Pa.R.A.P. 1925 (b). The Lower Court received Defendant's Concise Statement of Matters Complained of On Appeal on September 6, 2000. Following the completion of the transcripts, the Lower Court issued its 1925 (a) statement on November 14, 2000. On August 15, 2001, the Pennsylvania Superior Court adopted the Lower Court's opinion and affirmed Defendant's judgment of sentence. On September 12, 2001, Defendant filed a Petition For Allowance of Appeal to the Pennsylvania Supreme Court, which was later denied on March 24, 2002. On August 7, 2002, Defendant filed his first PCRA Petition. Thereafter, this Lower Court conducted oral arguments to determine the availability of the rape kits collected during the investigation of the instant case as is required by the holding in *Commonwealth v. Robinson,* 425 Pa.Super. 606, 682 A.2d 831 (1996)(remanding case to conduct a hearing to determine whether specimens were available for DNA testing.). This Lower Court did so on two (2) separate occasions; the first oral argument was conducted November 27, 2002, and the second was held on December 23, 2002, for purposes of clarification.

On January 3, 2003, this Court sent Defendant and his counsel the Court's Notice of its intent to dismiss Defendant's first PCRA. On January 24, 2003, this Court issued its final Order dismissing Defendant's first PCRA. No appeal was taken from the first PCRA Court's final Order.

On March 31, 2003, Defendant sent this Lower Court a letter requesting the Court to re-instate his right to appeal his first PCRA based on a "miscommunication/no communication" with his PCRA counsel, Attorney William Hathaway. This Court treated Defendant's letter as a second PCRA petition since the time to appeal the first PCRA petition had expired, but Defendant was still within the one-year period, under 42 Pa.C.S. §9545(b)(3), for filing a second PCRA. Since Defendant was still represented by counsel, this Court requested that counsel respond to the issue raised by Defendant in his letter/second PCRA petition. After receiving counsel's response to Defendant's second PCRA, this Court issued an Order, dated April 9, 2003, directing the Commonwealth to respond to Defendant's request. On April 11, 2003, the Commonwealth filed its response to Defendant's second PCRA stating, "the Commonwealth vehemently opposes the reinstatement of defendant's PCRA denial appeal rights nunc pro tunc based upon not only the Court's proper service to the defendant of its Notice of Intent to Dismiss, as well as the Order and Opinion dismissing defendant's PCRA, but also based upon Exhibit "A"... which clearly indicates that defendant at no time indicated to Mr. Hathaway that he was to perform an appeal." After reviewing Defendant's request to have his appellate rights re-instated *nunc pro tunc*, Attorney Hathaway's responsive letter to this Court and the Commonwealth's response, the Court issued an Order, dated April 21, 2003, directing all parties to attend an evidentiary hearing on Defendant's second PCRA petition which was held on May 19, 2003. Following the evidentiary hearing, this Lower Court entered an Opinion and Order dated May 28, 2003, reinstating Defendant's appellate rights *nunc pro tunc* based, in part, on the ruling of the Pennsylvania Superior Court in *Commonwealth v. Rivera,* 816 A.2d 282 (2003), which held:

> every PCRA petitioner . . . is entitled to meaningful appellate review of post-conviction claims raised in his first petition so long as that petition is timely filed.

> Where the dereliction of counsel *or other circumstances for which the defendant is not responsible operate to waive those claims,* the defendant's right to review remains to be discharged. Consequently, when the defendant restates those claims in a second or subsequent PCRA petition that would be otherwise time-barred, we are compelled to recognize that the later petition is not an unentitled "second bite at the apple," but merely the first bite that he was unlawfully denied.

*Id.,* at 286-287. *See also, Opinion and Order of Court, dated May 28, 2003.* This

In the Order attached to this Lower Court's Opinion, Counsel was directed to file a file A Notice of Appeal within thirty (30) days of the date of the Order reinstating Defendant's appellate rights. On June 5, 2003, Defendant filed a timely Notice of Appeal. Thereafter this Lower Court requested Defendant to file his Concise Statement of Matters Complained of on Appeal, which Defendant filed on June 11, 2003.

Defendant's sole issue on appeal is whether Defendant received ineffective assistance of counsel at trial. Specifically, Defendant alleges that "trial counsel was ineffective for his failing to pursue DNA testing for exculpatory evidence." To properly allege that his counsel was ineffective, Defendant must claim at a minimum that he instructed his counsel to file the requisite motion or appeal, depending on the nature of the ineffectiveness alleged. *Commonwealth v. Velasquez,* 387 Pa. Super. 238, 243, 563 A.2d 1273, 1275 (1989). Claims of ineffectiveness are not sufficient when presented in a vacuum, *Commonwealth v. Rogers,* 335 Pa.Super. 130, 137, 483 A.2d 990, 994 (1984); nor can counsel be deemed ineffective for failing to do what he was not requested to do. *Commonwealth v. Hudson,* 336 Pa.Super. 174, 485 A.2d 487 (1984); *Commonwealth v. Ross,* 289 Pa.Super. 104, 432 A.2d 1073 (1981). Furthermore, "counsel is presumed to have acted in his client's best interest; thus it is appellant's burden to prove otherwise." *Commonwealth v. Miller,* 541 Pa. 531, 664 A.2d 1310, 1323 (1995) Thus, "to be eligible for relief under the Post Conviction Relief Act, a petitioner *must not only* establish ineffective assistance of counsel, petitioner *must also* establish that the ineffectiveness was of a

4

type 'which in the circumstances of the particular case, so undermined the truth determining

process that no reliable adjudication of guilt or innocence could have taken place.'"

*Commonwealth v. Korb,* 421 Pa. Super. 44; 617 A.2d 715 (1992) (emphasis in original).

In the instant case, after review of Defendant's petition, and the supplemental petition

filed by counsel, as well as a hearing conducted on November 27, 2002, this Court found that

Defendant failed to demonstrate that he had requested his trial counsel to pursue DNA testing.

Specifically, during the first hearing, on November 27, 2002, Defendant's trial counsel, Attorney

James Pitonyak, appeared at the hearing after he observed from the court's schedule posted

outside the court room indicating that the Court was conducting a hearing involving his client.

Attorney Pitonyak was defense counsel for Emmitt Grier, Jr. at the time of trial.  During the oral

argument, Attorney Pitonyak indicated to the Court that the defense at trial was that the crimes

on June 30, 1998, and November 12, 1998, were perpetrated by someone other that Defendant,

and that the third incident, on August 31, 1999, was consensual in nature.  In addition, Attorney

Pitonyak indicated that he discussed the issue of DNA testing with Defendant at the time of trial,

but Defendant decided not to ask the Court to order DNA testing.  Moreover, Assistant District

Attorney Chad Vilushis indicated that since the Defendant confessed in detail to all three rapes

and since Defendant did not deny having intercourse with the victim on August 31, 1999,

identification of the perpetrator was not a question at trial. Therefore, DNA testing is not

conducted when, as here, Defendant voluntarily confesses to being the perpetrator of the crimes.

Thus, based on Defendant's petition, the supplemental petition filed by counsel and the hearing

on November 27, 2002, this Lower Court found that Defendant's mere bald assertion that trial

counsel failed to pursue DNA evidence, without more, is insufficient to meet the requirement of

section 9543 (a).

Assuming *arguendo* that Defendant has met his burden to prove and/or demonstrate that trial counsel did not pursue DNA testing after he had been requested to do so, Defendant's PCRA petition still fails to demonstrate he received "[i]neffective assistance of counsel which, in the circumstances of he particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543 (a)(2)(ii). When a defendant alleges ineffective assistance of counsel, all of the following must be demonstrated:

(1)     the underlying claim is of arguable merit;

(2)     the particular course chosen by counsel did not have any reasonable basis designed to effectuate his client's interests; and

(3)     counsel's ineffectiveness prejudiced appellant; but for counsel's act or omission, the outcome of the proceeding would have been different.

*Commonwealth v. Miller*, 541 Pa. 531, 664 A.2d 1310, 1323 (1995), *citing Commonwealth v. Edmiston*, 535 Pa. 210,237, 634 A.2d 1078, 1092 (1993). *Miller*, at 1323.

In the instant case, even if Defendant met the first two prongs of the test outlined above, it cannot be said that but for trial counsel's act or omission, the outcome of the proceeding would have been different. In his PCRA Petition, Defendant alleges that he asked trial counsel to request DNA testing conducted on the rape kit that were obtained from the victim and that counsel was ineffective for not seeking "court-ordered DNA testing in the instant case thereby depriving him of readily available and conclusive exculpatory evidence." *Defendant's Supplemental Motion for Post Conviction Collateral Relief, dated October 1, 2002.* To support his claim Defendant cites to *Commonwealth v. Brison,* 412 Pa. Super. 442, 453; 618 A.2d 420, 425 (1992), and *Commonwealth v. Reese,* 444 Pa.Super. 38, 43; 663 A.2d 206, 208 (1995) where

the Pennsylvania Superior Court held that DNA testing is appropriate when the conviction rests primarily upon identification evidence.

As indicated earlier, Attorney Pitonyak informed the Court that the defense at trial was that the crimes on June 30, 1998, and November 12, 1998, were perpetrated by someone other that Defendant, and that the third incident, on August 31, 1999, was consensual in nature. Moreover, Attorney Pitonyak stated that he discussed the issue of DNA testing with Defendant at the time of trial, but they decided not to ask the Court to order DNA testing. Furthermore, during the second oral argument, conducted on December 23, 2002, Assistant District Attorney Vilushis, indicated to the Court that the Commonwealth still retained the rape kits obtained during the investigation of the crimes in question. However, Attorney Vilushis stated that DNA testing of semen stains found on the bedroom sheets at the victim's house following the incident on June 30, 1998, would be inconclusive since the semen could have been deposited by the victim's husband. In addition, Attorney Vilushis indicated that the sheets were quite soiled and did not appear to have been washed in quite a long time. Thus, even if the DNA found in the semen deposit on the victim's sheets was tested and determined to have not been left by Defendant, the result would still not rule out Defendant as the perpetrator of the rape on June 30, 2002. Attorney Vilushis also indicated that the victim fought off her attacker in an attempted rape during the November 12, 1998, incident, thus no DNA deposits were left that could be found to enable a DNA comparison. Lastly, Attorney Vilushis indicated that since Defendant did not deny having intercourse with the victim on August 31, 1999, identification was not a question, and DNA testing would not show whether the incident was consensual or not.

Furthermore, in *Commonwealth v. Godschalk*, a case strikingly similar to the one at bar, the Pennsylvania Superior Court stated:

7

> Under the decisions in *Brison* and *Reese*, a petition for post-conviction
> DNA testing will be granted where a conviction rest largely on
> identification evidence and where advanced technology could definitely
> establish the accused's innocence.
>
> Herein, appellant's conviction rest largely on his own confession which
> contains details of the rapes which were not available to the public.  One
> of the victims did not identify him at all.  As appellant has failed to
> satisfy the first leg of the Brison standard, we affirm the denial of his
> petition.

451 Pa. Super. 425, 679 A.2d 1295 (1995).

As in *Godschalk,* Defendant's conviction rests, not on identification evidence, but upon
the two voluntary confessions that he gave, which were videotaped by Detective Robert N. Jones
of the Erie Police Department on August 31, 1999.  (N.T. 6/21/00, pp. 7-11;  N.T. 6/22/00, pp.
38-85).  Thus, Defendant's case is distinguishable from the facts that gave rise to the holding of
Pennsylvania Superior Court in *Brison* and *Reese*.  Therefore, since Defendant's convictions rest
largely on his own confession, as was the case in *Godschalk,* Defendant's assertion that the
outcome of his trial would have been different if counsel has sought out DNA testing, is without
merit.

For all of the foregoing reasons, Defendant's appeal is without merit.


BY THE COURT:

Stephanie Domitrovich                 Judge

RECEIVED
JUL - 2 2003
COURT ADMINISTRATOR
TRIAL DIVISION

8