IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Emmitt Grier, Jr.,                                          :
              Plaintiff                          :
    v.                                                   :        C.A. 05-05 ERIE
                                         :
Edward J. Klemm, et al.,                                :
              Defendant                        :

## BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO Fed. R.C.P. 12(b)(6) FILED ON BEHALF OF DEFENDANT, OFFICE OF THE DISTRICT ATTORNEY

**I.**   **Statement of the case:**

Plaintiff, Emmitt Grier, (hereinafter "plaintiff") filed the above referenced civil rights action contending that defendant, Office of the District Attorney, (hereinafter "defendant") violated his Constitutionally guaranteed due process rights by failing to provide plaintiff with a rape kit and DNA test results which would have allegedly exculpated plaintiff from one charge of rape and one charge of attempted rape.

After a three day jury trial in the Erie County Court of Common Pleas, plaintiff was convicted on June 22, 2000, at Docket No. 2646, of one count of rape, a felony in the first degree; one count of unlawful restraint, a misdemeanor of the first degree; at Docket No. 2647, one count of criminal attempt at rape, a felony of the first degree, one count of unlawful restraint, a misdemeanor of the first degree; and at Docket No. 2648, one count of burglary, a felony of the first degree; rape, a felony of the first degree, and unlawful restraint, a misdemeanor of the first degree.  He is currently serving 28 ½ to 75 years in prison.

Plaintiff admits in his complaint that he made a confession "implicating himself in all three (3) alleged incidents" (plaintiff's complaint ¶ 5).  Plaintiff further alleges that he... "sought

to have and use the results of the testing to show that he was only responsible for one alleged rape charge, which at the time of the occurrence, plaintiff thought to be consensual. Said laboratory testing of the rape kits never took place and because of such, plaintiff has been convicted of two (2) separate charges of rape and attempted rape, as well as the charge where his defense was propounded upon having consensual sex" (sic) (plaintiff's complaint ¶¶ 6,7)

DNA testing was not performed and DNA evidence was not introduced at trial by the prosecution because identification was not an issue. During plaintiff's trial, evidence was introduced identifying him as the individual who committed the crime *not only* through the victim's testimony, *but also* from plaintiff himself. Plaintiff gave a lengthy confession to Detective Nate Jones of the Erie Police Department, in which he took responsibility for all three offenses. Further, he was able to indicate to Detective Jones specific facts about the case that no one but the person who committed the crime would know. Plaintiff also indicated not only to the victim, but to two other independent witnesses that he, in fact, had committed the crimes and "didn't know what had come over him".

Plaintiff's alleged due process violation is entirely predicated upon his contention that DNA testing and the introduction of DNA evidence could exculpate him from some of the criminal charges for which he was found guilty at trial. This argument was soundly rejected by the Honorable Stephanie Domitrovich of the Erie County Court of Common Pleas. In her lengthy Opinion dated July 2, 2003, Judge Domitrovich determined that plaintiff's appeal of the denial of his PCRA Petition was without merit. Judge Domitrovich states, in relevant part,... "Furthermore, in Commonwealth v. Godschalk, a case strikingly similar to the one at bar, The Pennsylvania Superior Court stated:

> Under the decision in Brison and Reese, a Petition for Post-Conviction DNA testing will be granted where conviction rests

largely on identification evidence and where advanced technology could definitely establish the accused's innocence.

Herein, appellant's conviction rests largely on his own confession which contains details of the rape which were not available to the public. One of the victims could not identify him at all. As appellant has failed to satisfy the first leg of the Brison standard, we affirm the denial of his petition. 451 Pa. Super 425, 679 A. 2d 1295 (1995)

Judge Domitrovich further stated... "as in Godschalk, Defendant's conviction rests not on identification evidence, but on the two voluntary confessions that he gave, which were videotaped by Detective Robert N. Jones of the Erie Police Department on August 31, 1999. (N.T. 6/21/00, pp. 7-11; N.T. 6/22/00, pp. 38-85) Thus, defendant's case is distinguishable from the facts that gave rise to the holdings of the Pennsylvania Superior Court in Brison and Reese. Therefore, since defendant's convictions rest largely on his own confession, as was the case in Godschalk, defendant's assertion that the outcome of the trial would have been different if counsel had sought out DNA testing, is without merit. (See exhibit "A")

Plaintiff's conviction, sentence and the denial of his PCRA Petitions were upheld by the Pennsylvania Superior Court. Plaintiff's Petition for Allowance of Appeal to the Pennsylvania Supreme Court was denied. (See exhibit "B")

## II.    Argument

**A. PLAINTIFF'S LAWSUIT MUST BE DISMISSED UNDER THE DOCTRINES OF RES JUDICATA AND COLLATERAL ESTOPPEL BECAUSE PLAINTIFF'S ARGUMENT THAT DNA TESTING AND THE INTRODUCTION OF DNA EVIDENCE AT TRIAL WOULD HAVE EXCULPATED HIM ON SOME OF THE CRIMINAL CHARGES HAS BEEN ADDRESSED AND SOUNDLY REJECTED BY THE STATE COURTS.**

In ruling that plaintiff's appeal of the denial of his PCRA Petition had no merit, Judge Domitrovich concluded that plaintiff's conviction on the charges in question, rested not on identification evidence, but rather upon the two voluntary confessions that he gave, which were videotaped by an investigating officer. Judge Domitrovich further concluded that the introduction of DNA evidence at trial would <u>not</u> have affected the outcome. Plaintiff's conviction, sentence and Judge Domitrovich's decision regarding the DNA evidence, were affirmed by the Pennsylvania Superior Court. Plaintiff's petition for allowance of appeal was denied by the Pennsylvania Supreme Court.

In order to compel defendant to provide plaintiff with the rape kit in question, this Court would have to re-litigate the issue of the effect that the introduction of DNA evidence would have had at plaintiff's trial. This would result in re-litigating issues that have already been raised in the State trial Court and Appellate Court. The re-litigating of these issues is barred by the doctrines of res judicata and collateral estoppel. *See* <u>Bearoff v. Bearoff Brothers, Inc.</u>, 458 Pa. 494, 327 A. 2d 72 (1974); <u>Duquesne Light Company v. Pittsburgh Railways Company</u>, 413 Pa. 1, 194 A. 2d 319 (1963), cert denied, 377 U.S. 924, 84 S. Ct. 1221, 12 L. Ed. 2d 215 (1964); <u>Omernick v. LaRocque</u>, 46 Supp. 1156 (W.D. Wis. 1976), affirmed 539 F. 2d 715; <u>Smith v. Sinclair</u>, 424 F. Supp. 1108 (W.D. Okla. 1976).

### B.   PLAINTIFF'S LAWSUIT MUST BE DISMISSED BECAUSE HIS REQUESTED RELIEF CONSTITUTES AN IMPERMISSIBLE COLLATERAL ATTACK ON A FINAL JUDGEMENT OF THE STATE COURT.

As stated previously, in order to grant plaintiff his requested relief in this case, this Court would have to conclude that the State Court's final determination that the introduction of DNA

4

evidence at plaintiff's trial would not affect the outcome of the trial, was wrong. This would

constitute an impermissible collateral attack on a final judgement entered in State Court.

Plaintiff has not established that the conviction or sentence has been reversed on direct appeal,

expunged by executive Order, declared invalid by the State tribunal authorized to make such a

determination or called into question by a Federal Court's issuance of a writ of habeas corpus.

*See* Heck v. Humphrey, _____ U.S. _____, 114 S. Ct. 2364, 2372 (1994).

WHEREFORE, it is respectfully requested that this Honorable Court recommend that

plaintiff's lawsuit against defendant, Office of the District Attorney, be dismissed with prejudice,

pursuant to Fed. R.C.P. 12(b)(6).

Respectfully submitted,


S/Matthew J. McLaughlin
Matthew J. McLaughlin
246 West Tenth Street
Erie, Pennsylvania 16501
(814) 454-1010
Counsel for defendant, Office of the District
Attorney


Dated:          January 23, 2006

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

Emmitt Grier, Jr.,                                                    :
                              Plaintiff                              :
                                                                    :          C.A. 05-05 ERIE
          v.                                                        :
                                                                    :
Edward J. Klemm, et al.,                                            :
                              Defendant                             :


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within brief in support

of motion to dismiss pursuant to Fed. R.C.P. 12(b)(6) filed on behalf of defendant, Office of the

District Attorney, was served on January 23, 2006, via United States First Class Mail, postage pre-

paid, on all counsel of record and unrepresented parties in accordance with the applicable Rules.


                                        By,




                                        S/Matthew J. McLaughlin
                                        Matthew J. McLaughlin
                                        246 West Tenth Street
                                        Erie, Pennsylvania 16501
                                        (814) 454-1010
                                        Counsel for defendant, Office of the District Attorney



Dated: January 23, 2006