FILED
'06 APR 10 P12:23
CLERK
U.S. DISTRICT COURT

# PLAINTIFF'S CONCISE STATEMENT OF MATERIAL FACTS

Plaintiff's Motion for Summary Judgment
Fed. Rules Civ. P. (L.R. 56.1 (B)(1) )

Emmitt Grier Jr.
No. EJ-7879
SCI-Mahanoy
301 Morea Rd
Frackville, Pa. 17932

3-31-06
Date:

Plaintiff's Concise Statement of Material Facts pursuant to Fed. R.Civ.P. (L.R.56.1 (B)(1)). Emmitt Grier Jr., hereinafter referred to as (Plaintiff); Office of the District Attorney, Erie County, hereinafter referred to as (defendants);

Plaintiff was convicted on 2 counts of Rape, 1 count of Criminal Attempt Rape; 3 counts of Unlawful Restraint. (the charge of Kidnapping was dropped at trial).

1. Plaintiff was sentenced by the Honorable Stephanie Domitrovich to an aggregate sentence of 28½ to 75 years.

2. Plaintiff is incarcerated at SCI- Mahanoy, 301 Morea Road, Frackville, Pennsylvania. 17932.

3. Plaintiff brought this action under 42 U.S.C. § 1983 for access to biological evidence for DNA testing that is currently in the possession of the Office of the District Attorney of Erie County.

4. Defendants are in possession of Genetic Material, (Rape Kit), DNA evidence, taken from the residence of the victim (Mrs. Loretta Hansbrew) in connection with a Rape on June 30th, 1998; a crime for which the plaintiff is incarcerated.

5. Defendants are willfully suppressing evidence favorable to the plaintiff after plaintiff's requests for such evidence in violation of due process laws of the State and Federal Constitution. See: <u>Brady v. Maryland</u>, 83 S.Ct. 1194 (1963). Also; <u>Harvey v. Horan</u>, 119 F.Supp.2d 581 (E.D.Va.2000)(decision on motion to dismiss); 2001 WL 419142(E.D.Va.April 16,2001).

6.  Defendants DNA evidence is material to plaintiff's guilt and punishment because it is exculpatory and impeaching, and can determine whether he is guilty of two Rapes for which he is currently in prison.

7.  Defendants, the lower and Superior Courts, have confronted a set of facts that are materially indistinguishable from a decision in the District Court, and arrived at a different result from a District Court Precedent.

8.  Defendants have failed to point out any significant differences that would distinguish plaintiff's case from the basic material facts of the Precedent established in <u>Godschalk v. Montgomery County Dist. Attorney</u>, 177 F.Supp.2d 366 (E.D. Pa. 2001).

9.  I hereby verify that the statements made herein are true and correct to the best of my knowledge, information and belief. I understand that false statements made herein are subject to the penalties of 18 Pa. C.S. § 4904, regarding unsworn falsifications to authorities.

Respectfully Submitted.

Emmitt Grier Jr., <u>pro se</u>,
No. EJ-7879
SCI-Mahanoy
301 Morea Road
Frackville, Pa. 17932

3-31-06
date

3

## CERTIFICATE OF SERVICE

I hereby certify that I am placing in the U.S. mail box located at (the front of my cell block) a true and correct copy of Plaintiff's Reply Brief, Plaintiff's Counter Motion and Brief with Statement of Material Facts, in Support of Summary Judgment Pursuant to Fed. R. Civ. P. (L.R. 56.1); for service upon the person(s) listed below.

### Service by certified mail
### Addressed as follows:

United States District Court
For the Western District of PA.
Hon. Judge Maurice B. Cohill Jr.
17 S. Park Row, Room 206
Erie, Pennsylvania 16501

Matthew J. Mclaughlin
246 West Tenth Street
Erie Pennsylvania. 16501
Counsel for Defendant,
Office of Dist. Attorney

_Emmitt Grier JR._
Emmitt Grier Jr., pro se,
No. EJ-7879
SCI-Mahanoy
301 Morea Road
Frackville, Pa. 17932

3-31-06
date: