IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Emmitt Grier, Jr.,                          :
                        Plaintiff           :
           v.                               :        C.A. 05-05 ERIE
                                            :
Edward J. Klemm, et al.,                    :
                        Defendants          :

## BRIEF IN OPPOSITION TO PLAINTIFF'S COUNTER MOTION FOR SUMMARY JUDGEMENT PURSUANT TO FED. R.C.P. (56)

AND NOW, comes defendant, Office of the District Attorney, and files this brief in opposition to plaintiff's motion for summary judgement pursuant to Fed.R.C.P. (56), stating in support thereof the following:

I.     **Statement of Facts:**

Plaintiff, Emmitt Grier, Jr., (hereinafter "plaintiff") filed the above referenced civil rights action contending that defendant, office of the District Attorney, (hereinafter "defendant") violated his constitutionally guaranteed due process rights by failing to provide plaintiff with a rape kit and DNA test results which would have allegedly exculpated plaintiff from one charge of rape and one charge of attempted rape. Plaintiff is requesting that this Court compel the production of a rape kit allegedly in the possession of defendant.

After a three day jury trial in the Erie County Court of Common Please, plaintiff was convicted on June 22, 2000, at Docket No. 2646, of one count of rape, a felony in the first degree; one count of unlawful restraint, a misdemeanor of the first degree at Docket No. 2647, one count of criminal attempt at rape, a felony of the first degree, one count of unlawful restraint, a misdemeanor of the first degree; and at Docket No. 2648, one count of burglary, a felony of the

first degree; rape, a felony of the first degree, and unlawful restraint, a misdemeanor of the first

degree. he is currently serving a 28 ½ to 75 year sentence in prison.

Plaintiff admits in his complaint that he made a confession "implicating himself in all

three (3) alleged incidents" (plaintiff's complaint ¶ 5). Plaintiff further alleges that he... "sought

to have and use the results of the testing to show that he was only responsible for one alleged

rape charge, which at the time of the occurrence, plaintiff thought to be consensual. Said

laboratory testing of the rape kits never took place and because of such, plaintiff has been

convicted of two (2) separate charges of rape and attempted rape, as well as the charge where his

defense was propounded upon having consensual sex" (sic) (plaintiff's complaint ¶¶ 6,7).

DNA testing was not performed and DNA evidence was not introduced at trial by the

prosecution because identification was not an issue. During plaintiff's trial, evidence was

introduced identifying him as the individual who committed the crime *not only* through the

victim's testimony, *but also* from plaintiff himself. Plaintiff gave a lengthy confession to

Detective Nate Jones of the Erie Police Department, in which he took responsibility for all three

offenses. Further, he was able to indicate to Detective Jones specific facts about the case that no

one but the person who committed the crime would know. Plaintiff also indicated not only to the

victim, but to two other independent witnesses that he, in fact, had committed the crimes and

"didn't know what had come over him".

Plaintiff, alleged due process violation is entirely predicated upon his contention that

DNA testing and the introduction of DNA evidence could exculpate him from some of the

criminal charges for which he was found guilty at trial. This argument was soundly rejected by

the Honorable Stephanie Domitrovich of the Erie County Court of Common Pleas. In her

2

lengthy Opinion dated July 2, 2003, Judge Domitrovich determined that plaintiff's appeal of the

denial of his PCRA Petition was without merit.  Judge Domitrovich states, in relevant part,...

"Furthermore, in <u>Commonwealth v. Godschalk,</u> a case strikingly similar to the one at bar, the

Pennsylvania Superior Court stated:

> Under the decision in <u>Brison</u> and <u>Reese,</u> a Petition for Post-Conviction DNA testing will
> be granted where conviction rests largely on identification evidence and where advanced
> technology could definitely establish the accused's innocence.

> Herein, appellant's conviction rests largely on his own confession which contains details
> of the rape which were not available to the public.  One of the victims could not identify him at
> all.  As appellant has failed to satisfy the first leg of the <u>Brison</u> standard, we affirm the denial of
> his petition.  451 Pa.Super 425, 679 A.2d 1295 (1995)

Judge Domitrovich further stated... "as in <u>Godschalk,</u> Defendant's conviction rests not on

identification evidence, but on the two voluntary confessions that he gave, which were

videotaped by Detective Robert N. Jones of the Erie Police Department on August 31, 1999.

(N.T. 6/21/00, pp. 7-11; N.T. 6/22/00, pp. 38-85) Thus, defendant's case is distinguishable from

the facts that gave rise to the holdings of the Pennsylvania Superior Court in <u>Brison</u> and <u>Reese.</u>

Therefore, since defendant's convictions rest largely on his own confession, as was the case in

<u>Godschalk,</u> defendant's assertion that the outcome of the trial would have been different if

counsel has sought out DNA testing, is without merit.  (See Opinion of Judge Domitrovich dated

July 2, 2003, attached to defendant Office of the District Attorney's motion to dismiss and

marked as Exhibit "A")

Plaintiff's conviction, sentence and the denial of his PCRA Petitions were upheld by the

Pennsylvania Superior Court.  Plaintiff's Petition for Allowance of Appeal to the Pennsylvania

Supreme Court was denied.  (See Docket sheet attached to defendant Office of the District

Attorney's motion to dismiss and marked as Exhibit "B")

3

Defendant filed a motion to dismiss pursuant to Fed.R.C.P. 12(b)(6). In response, plaintiff filed a pleading styled counter motion for summary judgment pursuant to Fed. Rules Civ. Proc. 56.(1). This brief is filed in opposition to plaintiff's motion for summary judgement.

## II.    <u>Argument</u>

**PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT MUST BE DISMISSED BECAUSE THERE ARE NO ALLEGATIONS SET FORTH IN THE COMPLAINT AND THERE IS NO EVIDENCE OF RECORD TO SUPPORT A VIABLE §1983 CLAIM.**

Summary judgement procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact. Unfortunately for plaintiff in the instant case, there are no allegations contained in the pleadings or evidence of record to support a viable §1983 claim against defendant. It is abundantly clear that there is no genuine issue as to any material fact and the judgement should be entered in favor of <u>defendant</u>, not plaintiff.

In plaintiff's "preliminary" to his counter motion for summary judgement, he sumamrizes the issues raised in the motion for summary judgement and essentially recites the same allegations contained in his complaint:

* * *

2.    Plaintiff provides proof from the record that identification is clearly an issue. Albeit, one the District Attorney wants to ignore.

3.    Plaintiff claims a Due Process of law deprivation because of the defendants refusal to release the biological evidence in their possession for DNA testing.

4.    Plaintiff claims an Equal Protection of the Law deprivation because defendants will not allow plaintiff to make a conclusive showing that he is innocent of the crimes for which he is incarcerated, (The disputed Rapes) thereby preventing plaintiff from access to the state and federal court to obtain legal relief, in violation of the Due Process and Equal Protection guarantees of the fourteenth Amendment.

4

5.     Plaintiff also claims that he was deprived of the opportunity to make a conclusive showing of actual; innocence, in violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment.

Plaintiff's motion for summary judgement and underlying claim must be dismissed because the issue of whether or not the DNA testing and the introduction of DNA evidence would have exculpated him with respect to some of the criminal charges was soundly rejected in State Court.  He is barred from re-litigating these issues by the doctrines of res judicata and collateral estoppel.  *See* Bearoff v. Bearoff Brothers, Inc., 458 Pa. 494, 327 A.2d 72 (1974); Duquesne Light Company v. Pittsburgh Railways Company, 413 Pa. 1, 194 A.2d 319 (1963), cert denied, 377 U.S. 924, 84 S. Ct. 1221, 12 L.Ed.2d 215 (1964); Omernick v. LaRocque, 46 Supp. 1156 (W.D. Wis. 1976), affirmed 539 F.2d 715; Smith v. Sinclair, 424 F. Supp. 1108 (W.D. Okla. 1976)

Plaintiff's motion for summary judgement and underlying claim must also be dismissed because his lawsuit amounts to an impermissible collateral attack upon a final judgement in State Court.  While plaintiff is not seeking monetary damages in his instant civil rights action, he is requesting that defendant be compelled to provide him with the DNA kit in question so that he can perform DNA testing in an attempt to establish that he is not guilty of some of the charges that he was convicted of at trial.  In order to grant the requested relief, it would require that this Court conclude that the State Court erred in finding that the introduction of DNA evidence would have had no effect on the outcome of his trial.  *See* heck v. Humphrey, _____ U.S. _____, 114 S. Ct. 2364, 2372 (1994).

5

WHEREFORE, it is respectfully requested that this Honorable Court recommend that plaintiff's counter motion for summary judgement be dismissed and that defendant's motion to dismiss pursuant to Fed.R.C.P. 12(b)(6) be granted, with prejudice.

Respectfully submitted,

S/Matthew J. McLaughlin
Matthew J. McLaughlin
246 West Tenth Street
Erie, Pennsylvania 16501
(814) 454-1010
Counsel for defendant, Office of the
District Attorney

Dated: May 1, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Emmitt Grier, Jr.,                                  :
                              Plaintiff             :
        v.                                          :        C.A. 05-05 ERIE
                                                    :
Edward J. Klemm, et al.,                            :
                              Defendants            :

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of defendant, Office of the

District Attorney's brief in opposition to plaintiff's counter motion for summary judgement was

served on May 1, 2006, upon plaintiff, Emmitt Grier, Jr., via United States, First Class mail,

postage pre-paid, and upon all counsel of record via electronic filing, in accordance with the

applicable Rules.


                                        By:     <u>S/Matthew J. McLaughlin</u>
                                                Assistant Erie County Solicitor
                                                246 West Tenth Street
                                                Erie, Pennsylvania 16501
                                                (814) 454-1010
                                                Counsel for defendant, Office of the District
                                                Attorney


Dated: May 1, 2006