IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMMITT GRIER, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EDWARD J. KLEM, et al., )<br>)<br>Defendants. ) | Civil Action No. 05-05 Erie<br>JUDGE SEAN McLAUGHLIN<br>MAGISTRATE JUDGE BAXTER |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

It is respectfully recommended that defendants' motions to dismiss the complaint (Docket ## 23 and 30) be granted. It is further recommended that plaintiff's motions for summary judgment (Docket ## 38 and 41) be denied, and that this case be dismissed as an improper attempt to collaterally attack plaintiff's state court criminal conviction and sentence.

**II.     REPORT**

Plaintiff Emmitt Grier is an inmate at the State Correctional Institution at Mahanoy located in Frackville, Pennsylvania. He is serving a sentence of 28 ½ to 75 years for convictions on two charges of rape and one charge of attempted rape. He gave detailed confessions to these offenses, but asserted at trial that he was not involved in two of them, and that the third involved consensual sexual intercourse. Named as defendants in this §1983 case are the Superintendent of SCI Mahanoy, the Erie County District Attorney, the Commonwealth of Pennsylvania and the Office of the Prothonotary. Plaintiff alleges that he was denied due process during his state criminal proceeding because the trial judge denied him the right to use DNA evidence at the time of trial to establish his innocence. Defendants have filed motions to dismiss (Docket #s 23 and 30) and plaintiff has responded to the motions (Docket #s 26 and 40). Plaintiff has also moved for summary judgment (Docket #s 38 and 41). Defendants have responded to the motions for summary judgment (Docket #s 43 and 44) and all pending motions are now ripe for disposition.

### A.   Legal Standard.

A motion to dismiss pursuant to Rule 12(b)(6) cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The issue is not whether the plaintiff will prevail at the end, but whether he should be entitled to offer evidence to support his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The complaint must be read in the light most favorable to the plaintiff and all well-pled material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976). Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon, 467 U.S. at 73 (1984).

Further, where a plaintiff is proceeding pro se, the standard differs slightly. A pro se complaint, "however inartfully pleaded," is subject to more liberal review than a district court's review of pleadings prepared by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). In liberally construing a pro se plaintiff's pleadings, we will "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 687 (3d Cir.2002). This more liberal standard of construction means that a pro se complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 520-21.

### B.   Analysis.
#### 1.   Heck v. Humphrey.

Every allegation made by plaintiff in this case necessarily implicates the validity of his state court convictions for rape and attempted rape. Plaintiff may not raise such claims unless and until he receives a favorable state court ruling with respect to his conviction and parole revocation. In fact, in order to raise the claims contained in his complaint and amended complaint, plaintiff must allege and prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S.

477, 486-87 (1994). This has clearly not occurred here, and the motions to dismiss should be granted.

In Heck, the plaintiff was convicted of voluntary manslaughter for killing his wife. The Supreme Court reiterated the firmly entrenched rule that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement. Id. at 481 (citation omitted). After reviewing its origin and history, the Court concluded that the Civil Rights Act was not meant to provide a means for collaterally challenging the validity of a conviction through the pursuit of money damages. In so concluding, the Court announced the following rule:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted).

Like the plaintiff in Heck, Grier seeks to prove that his convictions were improper and that he is thus entitled to relief. Such allegations are barred by Heck as they necessarily implicate the validity of a state court proceeding. Grier has admittedly not obtained a favorable ruling from the state courts in this respect. Therefore, all claims raised by plaintiff in this case are barred by Heck. The motions to dismiss should be granted with respect to all of plaintiff's claims.

### 2. Judicial immunity.

Plaintiff Grier's true complaint in this case is not with any of the named defendants. It is clear from the face of the complaint that the Erie County District Attorney did not prevent him from using DNA evidence in his defense, nor did the Commonwealth, the Office of the Prothonotary,

or Superintendent Klem.  Instead, Common Pleas Court Judge Stephanie Domitriovich ruled during PCRA proceedings that trial counsel did not render ineffective assistance in failing to seek DNA testing.  Thus, if Grier were to properly plead his claim, he would assert that Judge Domitrivich's decision denied him his constitutional rights.  This claim, though, would be dismissed in any event since Judge Domitrovich is absolutely immune from a §1983 action. Mireles v. Waco, 502 U.S. 9, 11 (1991).  Judicial immunity can only be overcome if the state court judge has acted either outside the scope of her judicial capacity, or in the "complete absence of all jurisdiction." Id. at 11-12.  Here, the allegations in the complaint cannot be interpreted as alleging any extra-judicial act by Domitrovich, nor can it be said that plaintiff has alleged a complete lack of jurisdiction.  Therefore, it can be said "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 520-21.  Hence, even if plaintiff did identify the proper defendant for his claim, it would be dismissed.

### C.   Plaintiff's motions.

Plaintiff also seeks summary judgment (Docket ## 38 and 41) but, as the above discussion makes clear, his claims are barred.  Therefore, plaintiff's motions for summary judgment should be denied.

### CONCLUSION

Wherefore, on the basis of the foregoing, it is respectfully recommended that defendants' motions to dismiss the complaint (Docket ## 23 and 30) be granted.  It is further recommended that plaintiff's motions for summary judgment (Docket ## 38 and 41) be denied, and that this case be dismissed as an improper attempt to collaterally attack plaintiff's state court criminal conviction and sentence.

In accordance with the Magistrate's Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver

of any appellate rights.

                                                   S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: May 14, 2006