IN THE UNITED DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMMITT GRIER JR.<br>　　　　　　PLAINTIFF | : | CIVIL ACTION NO.#05-05 ERIE |
| v. | : | JUDGE SEAN McLAUGHLIN<br>MAGISTRATE JUDGE BAXTER |
| ERIE COUNTY DISTRICT ATTORNEY,<br>COMMONWEALTH OF PENNSYLVANIA,<br>OFFICE OF THE PHOTHONOTARY<br>　　　　　　DEFENDANT | : | |

RESPONSE TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.   PLAINTIFFS RESPONSE TO RECOMMENDATION; Plaintiff would respectfully aver an opposing view of the Magistrate Judge's recommendation and opinion of this case. Presently the Magistrate is recommending to the assigned Judge that plaintiffs case should be denied as an improper attempt to collaterally attack his state and criminal conviction and sentence.

Thus, to this statement plaintiff would argue the fact that in the instant matter of his 42 U.S.C.A. § 1983 being before this court, that there are no collateral challenges to his state criminal conviction nor is there a existing challenge towards reducing his sentence being brought to this court.

To the contrary of the Magistrate opinion, plaintiff is merely requesting through 42 U.S.C.A. § 1983. access to and the testing of DNA evidence which is being held in the custody of the Erie County District Attorney's Office [And which was denied to him wuthin a state Post-Conviction proceeding and which violated plaintiff's Constitutional rights to Due Process under Brady v. Maryland, 373 U.S. 83.]

II.  PLAINTIFFS RESPONSE TO MAGISTRATE REPORT; As the Magistrate report consist of a short/brief procedural history of the case. Plaintiff would concur with the expressed documentation of events. Emphasizing, initially for the purpose of prosecuting his § 1983, plaintiff identified the Superintendent Edward J. Klem as a defendant based on the sole fact of him being the present caretaker of the plaintiff (Formality). Otherwise the Office of the District Attorney, the Commonwealth of Pennsylvania, and the Office of the Prothontary (Lower, Superior, State Supreme Court) are Courts and agencies which were addressed in regards to ascertain DNA evidence and testing.

A.  PLAINTIFFS RESPONSE TO MAGISTRATE STATED LEGAL STANDARD; For all intent and purposes plaintiff would agree in totality with the Magistrate written legal standard of a case seeking to meet and past the review of requirement found in Fed.R.Civ.P. 12(b)(6). With regard to the instant case before this court, plaintiff would simply incorporate a statement in addendum at which if considered along with the Magistrate written legal standard, would leave no doubt that plaintiff is entitled to the relief that he is presently requesting.

Plaintiff would turn the courts attention to the cited case of <u>Harvey v. Horan</u>, 119 F.Supp. 2d. 581 (E.D. Va. 200). Wherein defendants (in a mirrored like case to plaintiff) had motioned the court for dismissal of the case citing in the same Fed.R.Civ.P. 12(b)(6) as the legal bases. Wherein upon the courts consideration of the facts (which are synonymous in this matter.) The District Judge ordered that the defendants motion to dismiss be denied.

Adding from statutory law.
> Civil Rights 194, Habeas Corpus 666, - Prisoner's section 1983 suit against Commonwealth's Attorney, requesting access to and testing of biological evidence from rape and sodomy trial in order to determine if it was exculpatory, was not, in effect, a petition for writ of habeas corpus subject to requirement of exhaustion of state remedies; prisoner did not seek immediate release from prison and disclaimed any challenge to his conviction at present time, conceding that the DNA test may show his conviction was valid, and denial of access to possibly exculpatory evidence stated a claim of denial under section 1983. 42 U.S.C.A. § 1983.

- 2 -

B.  PLAINTIFFS RESPONSE TO MAGISTRATE ANALYSIS:

Point 1. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Here it certainly appears that the Magistrate has lost perspective on what the claims and bases for plaintiff requesting action from the court are. As Heck v. Humphrey, is an incorrect reference to and application of plaintiffs stated position in asking the court for a remedied relief.

Plaintiff would further state that the inferred operating premise found in Heck v. Humphrey, would be at most an far extreme (east v. west) to plaintiffs stated position. It just can not be compared as being the same.

Plaintiff would further state that his case does not fit into the same category as Heck, because Heck, is a case that is initiating a collateral attack on his conviction and is further seeking damages.

Unlike plaintiff who seeks a requested relief in remedy in specific performance, not any type of award of money damages. Plaintiff would cite Harvey v. Horan, 119 F. Supp. 2d. 581 (E.D.Va.) and Godschalk v. Montgomery County District Attorney's Office, 177 F. Supp.2d 366 (E.D.Pa.2001). as the premise of his reqest to be permitted DNA access and testing.

2.  PLAINTIFFS RESPONSE TO MAGISTRATE JUDICIAL IMMUNITY: In analysis to the magistrate suggested course of action, plaintiff would respond by stating that he believes that he has taken the appropriate course and steps to cite those (more in particular the District Attorney's Office) who were petitioned and requested to permitted access and testing of the presently held DNA samples.

C.  PLAINTIFFS RESPONSE TO MAGISTRATE PLAINTIFF'S MOTIONS: Plaintiff has on two occasions filed motions in his pleading for summary judgment. In as much, and based upon plaintiffs clarity toward a stated claim of denial of due process , plaintiff would state that this court is the appropriate court which has jurisdiction and authority under 42 U.S.C.A. § 1983 to grant plaintiff the requested relief of being permitting access and testing of DNA materials presently being held by the defendants.

## CONCLUSION

WHEREFORE, Based upon plaintiff's response and opposition to the Magistrate report and recommendation. Plaintiff would again reiterate that in claims of issues is before this court which would validate an improper attempt to collaterally attack plaintiffs state court criminal conviction and sentence.

Plaintiff would therefore ask that the Magistrate report and recommendation not be adopted by this court. And to further dismiss the defendants motion for summary judgment and grant to plaintiff motion for summary judgment.

FOR THIS PLAINTIFF SHALL EVER PRAY....

Respectfully Submitted

*Emmitt Grier JR.*
Mr. Emmitt Grier Jr., EJ-7879 Pro se Plaintiff
SCI-Mahanoy
301 Morea Road
Frackville, Pa. 17932

Date: 5-27-06

VERIFICATION

I Emmitt Grier Jr., hereby verify that I am the above cited petitioner as designated in the present filed motion of Response to the Magistrate Judge's Report and Recommendation, and that the statements contained within the above cited petition are true and correct to the best of my knowledge. I understand that any false statements are subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

CERTIFICATION OF SERVICE

I Emmitt Grier Jr., hereby certify that I am this day, 5-27-06, serving a true and correct copy of the forgoing motion in Response to the Magistrate Judge's Report and Recommendation, on the below listed person(s)/Agency in the manner of service which satisfies the requirements of Fed.R.Civ.P. 5.:

SERVICE FIRST CLASS MAIL ADDRESSED AS FOLLOWING:

Ms. Susan Paradise Baxter
Chief United States Magistrate
United States District Court
Western District of Pennsylvania
17 South Park Row, Room A280
Erie, Pa. 16501

Ms. Mary Lynch Friedline
Senior Deputy attorney General
Office of the Attorney General
564 Fores Ave. Manor Complex
Pittsburgh, Pa. 15219

Respectfully Submitted

_Emmitt Grier JR._
Mr. Emmitt Grier Jr., EJ-7879 Pro se Plaintiff
SCI-Mahanoy
301 Morea Road
Frackville, Pa. 17932

Date: 5-27-06

- 5 -